OPINION
The State of Ohio is appealing the decision of the Stark County Court of Common Pleas, Juvenile Division, finding that it could not review objections filed by the State in this matter, under Juv.R. 40 (E) (4) (c), because of the doctrine of double jeopardy.
Appellee Kenney Poole was charged with one count of violation of a prior court order. The trial of this matter occurred before a magistrate on January 15, 1997. At the close of the State's case, appellee moved for a directed verdict. The magistrate granted appellee's motion and dismissed the case.
On January 16, 1997, the day following the trial, the assigned trial court judge signed the magistrate's decision and filed the judgment entry. On January 24, 1997, the State filed its notice of objection. The trial court scheduled a hearing on this matter for April 28, 1997. However, on March 12, 1997, appellee filed a motion to dismiss the State's objection on the grounds that the objection constitutes double jeopardy and therefore, should be dismissed in the interests of justice.
The trial court heard oral argument concerning appellee's motion to dismiss on April 28, 1997. Following the hearing, on April 29, 1997, the trial court sustained appellee's motion and dismissed the objection on the grounds that jeopardy had attached. The State timely filed its notice of appeal and sets forth the following assignment of error:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PREMATURELY ADOPTING THE MAGISTRATE'S DECISION AND DISMISSING APPELLANT'S TIMELY FILED OBJECTION ON THE BASIS THAT JEOPARDY ATTACHED.
 I
Appellant contends, in its sole assignment of error, that the trial court erroneously determined that jeopardy attached and should have reviewed its objection to the magistrate's decision. We disagree.
Although pursuant to Juv.R. 40 (E) (3) (a), a party has fourteen days within the filing of a magistrate's decision to file written objections, the trial court in the case sub judice adopted the magistrate's decision prior to the expiration of the fourteen day objection period. Juv.R. 40 (E) (4) (c) addresses the situation when a trial court adopts a magistrate's decision prior to the expiration of the fourteen day objection period and one or both of the parties files an objection. This rule provides as follows:
 The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. An interim order shall not extend more than twenty-eight days from the date of its entry, unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days.
The State argues that when it filed a timely objection, the previous order of the trial court adopting the magistrate's decision was stayed automatically by operation of Juv.R. 40 (E) (4) (c). Therefore, under the above rule, the trial court had to vacate, modify or maintain its previous judgment, it could not merely dismiss the objection.
We find the trial court had no choice but to dismiss the State's objection. "A State may not put a defendant in jeopardy twice for the same offense." Benton v. Maryland (1969),395 U.S. 784, 795-796. Therefore, when the innocence of the accused has been confirmed by a final judgment, the Constitution conclusively presumes that a second trial would be unfair. Swisher v. Brady
(1978), 438 U.S. 204, 214. `Consequently, as a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial.' Id. at 215, citing Arizona v.Washington (1978), 434 U.S. 497, 503-505.
Based upon the above, once the trial court signed the magistrate's decision and filed the judgment entry, appellee's innocence was confirmed by a final judgment and to permit the State to pursue these charges against appellee again, by way of an objection, would place appellee in jeopardy twice for the same crime.
Had the trial court waited until the expiration of the fourteen day objection period, as set forth in Juv.R. 40 (E) (3) (a), before signing the magistrate's decision, jeopardy would not have attached and the trial court could have heard the State's objection. Further, jeopardy will not attach in those situations where a juvenile is found delinquent and files an objection, after the trial court signs and files the magistrate's decision, because it is the juvenile and not the State seeking the "second crack".
We find the trial court properly dismissed this matter on the basis of double jeopardy.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00163
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.